## ROGERS v. ROGERS ET AL.

1. **Resulting Trust**: FACTS NOT CONSTITUTING. Where plaintiff's son had an interest in land, which defendant, for three hundred dollars paid him by G., agreed to procure for G. within six months, or else return to G. the three hundred dollars with ten per cent interest; but defendant never procured such interest for G. and the son had died, presumably intestate and without issue, *held* that plaintiff, being the only heir of her son, inherited the son's interest in the land, but that no trust resulted to her for the three hundred dollars which G. had paid defendant to procure for him the title to such interest, and that this action, brought against defendant to recover said three hundred dollars, could not be maintained, even though she tendered into court a deed for the title, upon condition that G. (who was made a party) should release defendant on his contract, to which proposition G. made no answer.

### *Appeal from Clayton Circuit Court.*

### THURSDAY, MARCH 20.

ACTION in equity to enforce an alleged trust. The petition shows that the plaintiff is the widow of Patrick Rogers, deceased; that her husband, at the time of his decease, August, 1868, was the owner of certain real estate in Clayton, county; that he made a devise of the real estate, giving the plaintiff, his widow, a life estate therein, and the remainder to his children; that among his children was one Michael Rogers, who is also the plaintiff's child; that Michael went to California in 1862, where he lived about six years, and after that he died, but it is not known when; that in 1870 the plaintiff and all the children, except Michael, sold and conveyed their interest in the real estate to one James Geraghty; that Michael had not at that time been heard from for about two years, and has not since been heard from; that the defendant, James Rogers, entered into a contract with Geraghty to procure for him a title to Michael's share; that the contract was in these words: "I, James Rogers, agree with the said James Geraghty to procure for him a perfect title to the share of Michael Rogers in the real property hereinbefore

described, within six months from the date of this instrument, or, upon my failure to do so, I bind myself within three months thereafter to pay to the said Geraghty the sum of three hundred dollars, with ten per cent interest;" that thereupon Geraghty paid the defendant three hundred dollars for the share of Michael. The petition also contains an averment that no administrator of the estate of Michael Rogers had been appointed, and that the plaintiff "is now, as the mother of Michael Rogers, and his only heir, entitled to said three hundred dollars absolutely." She therefore prays for judgment against the defendant as trustee for that sum, with interest. To the petition, showing the foregoing in substance, the defendant, Rogers, demurred, and the court overruled the demurrer, and the defendant appeals.

*S. Murdock* and *J. Larkin*, for appellant.

*W. A. Preston*, for appellee.

ADAMS, J.—The plaintiff's action is based upon the theory that the three hundred dollars paid to the defendant, James Rogers, as specified in the contract, became the money of Michael Rogers, and was held in trust for him by James. But we are not able to see how Michael ever acquired any interest in this money. He never sold his interest in the land to Geraghty, nor became in any way a party to the transaction out of which the contract grew. It does not appear, indeed, that he ever heard of it. So far as the record shows, he died seized of his interest in the land, and, if he did, and if he died intestate, as perhaps we might presume, that interest passed to his heirs. No trust in the money having been created in favor of Michael, no interest in the money accrued to any one by inheritance from him.

Has any thing transpired since Michael's death by reason of which the defendant, James Rogers, became trustee for the plaintiff? If Michael died intestate, seized of his interest in the realty, and the plaintiff is his only heir, then she took

that interest, and, so far as we can see, she holds that interest still. It is true, she tenders into court a deed of warranty of that interest, executed to Geraghty, and makes Geraghty a party to this action, and takes a default against him. But she expressly makes the tender upon the condition that Geraghty release James on his contract, and to that Geraghty says nothing. It does not appear, therefore, that James is released. Geraghty may prefer to hold him for the three hundred dollars, and ten per cent interest. James not being released, the tender of the deed goes for nothing, and the title to the land in question, according to the plaintiff's own showing, is still in herself. This being so, it does not appear to us that she is in a condition to hold James as her trustee for the money. We do not think that her petition shows a cause of action against him.

REVERSED.